GRIMSON, C. J., and JOHNSON, P. O. SATHRE and JAMES MORRIS, JJ., concur.

In the Matter of the ESTATE of D. G. HILLESLAND, Deceased.

Wm. JOHNSON, as County Auditor of Burke County, North Dakota, Petitioner and Appellant,

v.

Dan HILLESLAND, and all persons unknown interested in the estate of D. G. Hillesland, deceased, Respondents.

No. 7656.

Supreme Court of North Dakota.

Nov. 27, 1957.

Leslie R. Burgum, Atty. Gen., A. C. Bakken, Jr., John E. Adams, Asst. Attys. Gen., for appellant.

Robert L. Vogel, U. S. Atty., Ralph B. Maxwell, Asst. U. S. Atty., Fargo, for respondents.

BURKE, Judge.

The issue in this proceeding is whether a claim of the Farm Home Administration against the insolvent estate of D. G. Hillesland is superior to that of the Public Welfare Board of the State of North Dakota. The claim of the Farm Home Administration, for money advanced as agricultural loans, is in the sum of $2,787.94. The claim of the Public Welfare Board, for old age assistance advanced, is in the sum of $187.-95. The total assets in the hands of the administratrix of the estate, available for distribution amounted to $1,636.71.

The County Court of Burke County determined that the claim of the Public Welfare Board was superior to that of the Farm Home Administration. The United States appealed from this decision to the District Court of Burke County. The district court reversed the decision of the county court and the Public Welfare Board has appealed from that decision to this court.

The Farm Home Administration contends that its claim is entitled to priority, as a debt due to the United States under the provisions of Section 191 of Title 31 U.S.C.A., U.S.Rev.Stat. Sec. 3466 and of Section 30–1818, NDRC 1943. These sections are as follows:

"§ 191. Priority established. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the

debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Section 30–1818, NDRC 1943.

"Debts: Order of Payment. The acknowledged debts of an estate and charges must be paid in the following order:

"1. The necessary expenses of the administration;

"2. The expenses of the last sickness and funeral;

"3. Allowances made to the family in excess of the exempt property;

"4. Debts having preference by the laws of the United States;

"5. Claims in favor of the state under the Old Age Assistance Act, after payments of the expenses authorized to be paid as provided in section 50–0734;

"6. Personal property taxes which are not liens on property belonging to the estate;

"7. All other demands against the estate."

The Public Welfare Board contends first, that its claim has priority under the provisions of Section 50–0734, 1953 Supp. NDRC 1943, and second, that Section 50–0707, NDRC 1943 and the action taken by the board pursuant to such section, gave it a specific and perfected lien upon the property of the decedent against which the priority of debts due the United States would be of no avail. The statutes relied on are as follows:

Section 50–0734.

"On the death of any recipient of old age assistance under the provisions of this chapter, the total amount of assistance paid under this chapter shall be allowed as a preferred claim against the estate of such person in favor of the state, after funeral expenses, not to exceed one hundred twenty-five dollars, and such expenses of the last illness as are authorized or paid by the county agency, have been paid, and after the expense of administering the estate, including the attorney's fees approved by the court, has been paid. No claim shall be enforced against the following:

"1. Real estate of a recipient while it is occupied by the surviving spouse or a dependent;

"2. Personal property necessary for the support, maintenance, or comfort of the surviving spouse or a dependent;

"3. Personal effects, ornaments, or keepsakes of the deceased, not exceeding in value two hundred dollars."

Section 50–0707.

"An applicant for old age assistance under the provisions of this chapter in no case shall be required to transfer a homestead occupied by him as such unless he or she desires to do so. A recipient of old age assistance shall not be permitted to encumber or convey such homestead without the approval in writing of the state agency. When an application for old age assistance is granted and it appears that the applicant occupies a homestead, which he owns, the state agency shall cause to be recorded, in the office of the register of deeds of the county in which such homestead is located, a statement in writing to the effect that the owner of such homestead is receiving or is about to receive old age assistance payments. Such written

statement shall be signed by the executive director of the state agency. After the recording of such statement, any instrument of conveyance or encumbrance executed by such applicant for old age assistance without the approval of the state agency shall be null and void. No fee shall be charged by the register of deeds for recording such statement."

The Public Welfare Board concedes that Section 50-0734, supra, if given the construction for which it contends, would conflict with the provisions of Section 30-1818, supra, which provides that claims for debts due to the United States shall be superior to those of the Public Welfare Board. The board urges, however, that Section 50-0734, is a later and special statute and that therefore its provisions must prevail.

 It is our opinion that neither of the contentions of the Public Welfare Board can be sustained. Unquestionably a debt due to the Farm Home Administration is a debt entitled to priority under the provisions of Section 191, supra, as a debt due to the United States. United States Department of Agriculture, Emergency Crop and Feed Loans v. Remund, 330 U.S. 539, 67 S.Ct. 891, 91 L.Ed. 1082. This being so, it is unnecessary for us to resolve the alleged conflict between the state statutes. The fact that a state statute may attempt to give one of its agencies priority is of no consequence, as the priority given to the United States by congressional act may not be impaired or defeated by state law. United States of America v. State of Oklahoma, 261 U.S. 253, 43 S.Ct. 295, 67 L. Ed. 638.

 We also see no merit in the appellant's theory that Section 50-0707 and the filing of a homestead statement as therein provided create a statutory lien upon the property of a person receiving old age assistance. The statute does not mention a lien but provides only for a restraint on alienation.

Prior to the enactment of Chapter 211, Laws of N.D.1937, of which Section 50-0707 was a part (sec. 22), old age assistance was payable as old age pensions under the provisions of Chapter 254, Laws of N.D.1933. Under the provisions of this act applicants for old age pensions could be, and were, required to give mortgages upon, and conveyances of, all of their property including the homestead as security for the repayment of the money advanced. This act was repealed by Chapter 212, Laws of N.D.1937, which was enacted contemporaneously with Chapter 211, supra. Section 1 of Chapter 212 provides:

" * * * that any transfers of property that heretofore may have been made under the provisions of said Act (Chapter 254, supra) to secure repayment or reimbursement to the State or to any County of moneys arising from taxes levied under said Act are hereby terminated, cancelled and set aside; and the Board of County Commissioners of the respective Counties and the Commissioner of Agriculture and Labor as the case may be, are required to execute proper instruments to cancel of record any instruments of conveyance or any mortgages that may heretofore have been executed and recorded and return to the respective applicants the property so transferred."

 A review of these statutes convinces us that one of the objects of the legislature in enacting Chapter 211, supra, was to abolish the practice of requiring liens or mortgages upon homesteads as security for the repayment of moneys advanced for old age assistance and that therefore Section 50-0707 which was a part of Chapter 211, cannot be construed to create such a lien by implication.

The judgment of the district court is affirmed.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.